### SHERMAN v. TUCKER.

(Supreme Court, Appellate Division, First Department. April 19, 1901.)

TRUST FUND—SUIT TO REACH INCOME—PLEADING.
    A complaint in a suit by a creditor to reach the surplus income of a trust fund created for the benefit of the debtor, as provided by Laws 1896, c. 547, § 78, is defective which fails to allege that the trustee of the fund resides within the jurisdiction of the court, or that the trust fund is within its jurisdiction, or that testator, the creator of the trust, was at his death a resident of the state, or to show that the debtor could not be found within the jurisdiction, so that summons could be served on him and judgment secured at law.

Appeal from special term, New York county.

Suit by Charles A. Sherman against Charles A. Tucker, individually and as executor, etc., of G. W. Tucker, impleaded, etc. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edward C. James, for appellant.
Abraham Nelson, for respondent.

O'BRIEN, J. The action is in equity by a creditor to reach the surplus income of a trust fund created for the benefit of Charles A. Tucker, and is brought under section 78 of the real property law (chapter 547, Laws 1896) which provides:

"Where a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of creditors in the same manner as other personal property which cannot be reached by execution."

The appellant contends that this is an action in which the court has not inherent equity jurisdiction, but has only statutory jurisdiction, and, therefore, that the statutory requisites must be complied with to enable a creditor to maintain it; which requisites, under section 1871 of the Code of Civil Procedure, are the obtaining of a judgment, the issuance of an execution, and the return of the latter unsatisfied. Our views upon the question thus raised are given in the opinion handed down at this term in the case of Dittmar v. Boni (Sup.) 69 N. Y. Supp. 708, and, therefore, will not be repeated. Apart from this principal question, however, we think that the complaint here is defective for want of necessary averments. In this complaint it is not alleged that the trustees of the fund reside here, or that the trust fund is within this jurisdiction, or that the testator, the creator of the trust, was at the time of his death a resident of this state. All that we have with reference to such allegations is simply that the will was probated here; and, although there are other allegations that the debtor is a nonresident, it is not made to appear that he could at no time be found within this jurisdiction, so that personal service of a summons might be made upon him and a judgment secured in an action at law. For these reasons, therefore, although others might be referred to, we regard the complaint as demurrable.

The judgment appealed from should accordingly be reversed, and the demurrer sustained, with costs, but with leave to the plaintiff within 20 days to amend his complaint upon payment of costs in this court and in the court below. All concur.